STATE OF MAINE *vs.* THOMAS PARADY.

York.     Opinion October 9, 1931.

*Ralph W. Hawkes*, County Attorney, for State.
*Waterhouse, Titcomb & Siddall*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.     Exceptions. Sale of intoxicating liquor. A
prohibition agent visited respondent's office in company with an
acquaintance of the latter and claimed to have purchased from
respondent a quart of intoxicating liquor.

Respondent, recalling the incident, denied a sale to the officer
but claimed that he delivered the liquor on the day in question to
his acquaintance, receiving pay therefor, in pursuance of an ar-
rangement previously made that he, respondent, would procure

the liquor for his friend and that in purchasing the same, making delivery thereof and being reimbursed for his expenditure, he had acted solely as agent for the real purchaser.

The presiding Justice declined to submit that question to the jury, in substance ruling that it did not constitute a defense. In this he erred.

The statute alleged to have been violated, Chap. 137, Sec. 6, R. S. 1930, reads: "No person shall at any time by himself, his clerk, servant or agent, directly or indirectly, sell any intoxicating liquor."

Statutes have been enacted in many states, including Alabama, Kentucky, Mississippi and North Carolina, making it an offense against the prohibitory law to purchase liquor for another or to procure it and deliver it to another, but there is no such law in this state.

The prosecuting attorney cites in his brief, Chap. 206, P. L. 1923, as containing the clause, "Any person who aids in the sale of intoxicating liquor by acting as agent or otherwise, either for the seller or buyer, or in any manner assists in violating the provisions of law relating to the sale of intoxicating liquor is equally guilty."

The quotation is incorrect. The words "either for the seller or buyer" do not appear in the final enactment. Whether they were omitted by accident or design, we can not say. In any event, we can not supply them. It is not a criminal offense, in this state, to purchase liquor either for the use of the purchaser or as an agent or messenger of another. *State* v. *Ennis*, 121 Me., 596.

The general question involved has been the subject of judicial enquiry and decision in many jurisdictions, and the authorities are reasonably uniform to the effect that one who acts merely as the agent or messenger of another in purchasing liquor is not guilty of making a sale where he has no personal interest in the transaction; and the fact that the agent advances his own money to make the purchase, being reimbursed by the principal on delivery, does not affect the relation of principal and agent so as to make the latter punishable unless the purchasing of liquor is made an offense by statute.

The defense raised a question of fact which should have been passed upon by the jury. *Exceptions sustained.*