### STATE OF MAINE *vs*. DONALD KILBRETH.

Oxford County.    Decided March 21, 1932.    The respondent was tried on an indictment charging the sale of intoxicating liquor and was convicted. He brings the case before us on an exception to the refusal of the presiding Justice to give the following requested instruction to the jury.

"If you find from all the evidence in this case that the respondent was acting as an agent of the purchasers, and that his only interest in the matter was to obtain the liquor for them, and to receive as compensation for his services one (1) quart of the liquor which he purchased for them, you would be justified in finding that the respondent was not guilty of making a sale of any part of the liquors as charged in the indictment, because if from all the evidence you find that he was so acting, any liquors which he received would be in payment for his services to the real purchasers, for this would constitute a sale by Smith or Eastman, or both, to the respondent in payment for his services rendered to them."

The respondent's contention was that he acted in the handling of certain alcohol as the representative of the purchaser and not as the agent of the seller. If such were the fact, he could not be found guilty under an indictment which charged him with the sale of it. The requested instruction in so far as it embodied such a statement of the law was proper. *State* v. *Parady*, 130 Me., 371; *State* v. *Ennis*, 121 Me., 596. A reading of the Judge's charge, however, which is printed in full, indicates that he specifically covered the point raised by the respondent's request; and the refusal of the Court to reiterate what had already been said is not subject to exception. Exception overruled. Judgment for the State. *E. Walker Abbott*, for the State. *Arthur J. Henry, George A. Hutchins*, for respondent.