■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK HINGERTON, Also Known as JACK MOLINO, Appellant.— Judgment of the County Court, Suffolk County, rendered May 31, 1966 on resentence, reversed, on the law and the facts, and indictment dismissed. Defendant's conviction for violation of the Public Health Law with respect to narcotic drugs (Penal Law, § 1751, subd. 1) rests on a single sale of marijuana to a special employee of the police department. The People's proof affirmatively established that defendant acted solely as an agent of this employee; and failed to show that he received any financial profit from the transaction or that he was acting in concert with the actual vendor. Under these circumstances, the learned trial court should have applied the rule that "one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics" and should have granted defendant's motion to dismiss the indictment (People v. Lindsey, 16 A D 2d 805, affd. 12 N Y 2d 958; People v. Buster, 286 App. Div. 1141; People v. Branch, 13 A D 2d 714; People v. Silverman, 23 A D 2d 947; United States v. Moses, 220 F. 2d 166; United States v. Sawyer, 210 F. 2d 169). Christ, Acting P. J., Hopkins and Munder, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum: We disagree with the majority's conclusion that the People's proof affirmatively established that defendant acted solely as an agent of the buyer. As we view the record, there was no affirmative proof at all as to

whom he was acting for; and a finding on that point would necessarily be based upon an inference drawn from circumstantial proof. The buyer testified that he had telephoned defendant and had made an appointment with him "to buy narcotics;" that he drove to defendant's home in Copiague and asked him "if he had any stuff for sale;" that defendant said "he [had] none on him but we could go get some;" that defendant went with him, in the buyer's car, to a barbershop in Amityville, where they met the seller; that defendant asked the seller if he had any marijuana and the seller said he did but they would have to go outside to his car, as he didn't want to deal inside the store; that the three of them went outside to the seller's car where the sale of narcotics was consummated; and that he then drove defendant back to his home. On this proof, we believe the only *reasonable* inference is that defendant acted as a principal seeking a source of supply for his customer; and an inference that he acted as agent for the buyer would be so remote and far-fetched as to be unreasonable, since (a) the buyer had an appointment with defendant to buy narcotics from him and (b) it is incredible that defendant would have gone to those lengths to obtain the narcotics for the buyer unless he were a dealer interested in keeping his customer by getting him narcotics from another source when he was himself out of stock. An inference of innocence that is so remote and speculative as to be unreasonable does not, of course, require an acquittal, since guilt must be proved only beyond a reasonable doubt. In this case the jury obviously believed, as we do, that the only reasonable inference that could here be drawn is that defendant was acting as a principal, in his own behalf, and that any contrary inference would be so remote as to be untenable. On this proof the jury had a right to so find and, so finding, to return a guilty verdict.