**STATE of Maine**

v.

**Donald C. PEASLEE.**

Supreme Judicial Court of Maine.

Feb. 23, 1972.

Alan C. Pease, County Attorney, Wiscasset, for plaintiff.

Wathen & Wathen by Warren E. Winslow, Jr., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

On December 1, 1970, the summer home of George Talbot was entered burglariously and many items of personal property taken therefrom.

In due course, the defendant was arrested and an indictment charging him with having been the person who committed such burglarious larceny was returned.

The defendant being indigent, the Court properly appointed competent counsel to represent him and trial was had.

Peter Bonsant, a juvenile, took the stand and told the jury that he and the defendant did, indeed, commit the felonious act of breaking and entering and did commit the larceny together.

The defendant, as he is permitted to do by statute, took the stand at his request and testified that he did not commit the crime and that he was not in the State when the crime was committed, if it was in fact committed.

Several witnesses were called by the defendant. Most were related by blood or marriage to him. The testimony of these witnesses, if believed, would have completely corroborated the defendant's claim that he was out of the State at all times material hereto.

In rebuttal, two police officers testified. Their believable testimony, if believed, demonstrated the defendant's claim of alibi was patently erroneous in a major material respect.

The jury, by the verdict of guilty, proclaimed its unanimous conclusion there was no reasonable doubt as to defendant's guilt. This appeal followed.

No objection was entered to any portion of the instructions of the Presiding Justice to the jury until after the verdict had been returned, judgment entered, and this appeal taken.

■ Rule 30(b), Maine Rules of Criminal Procedure, contains express direction that:

"No party shall assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The above-quoted Rule is but a restatement of what long has been the law of Maine. The reason for such Rule has been clearly described in State v. Smith, 140 Me. 255, 37 A.2d 246 (1944), and need not be repeated here.

We can review a claim of error in instructions to the jury in those situations in which no objection to the charge was noted before the jury retired to deliberate, only when the claimed errors are "obvious errors or defects affecting substantial rights." Rule 52(b), Maine Rules of Criminal Procedure.

In State v. Smith, supra, this Court characterized such review as "not compatible with best practice."

Professor Glassman [1] in his commentary on the Rules, predicted accurately when he said:

"It is not to be anticipated that the Law Court will be more liberal in considering errors in instructions to which no objection has been made, than it has in the past." Glassman, Maine Practice, p. 233.

■ The Appellant alleges it was manifest error to instruct the jury that Peter Bonsant, a juvenile, as a matter of law had not been convicted of any crime involving moral turpitude.

The instruction under the circumstances of this case was not error. It necessarily follows there was here no manifest error to be noted.

■ The Appellant also argues in his brief that it was manifest error for the Presiding Justice to instruct the jury it could consider the fact that the defendant had been convicted of intoxication as bearing on his credibility as the crime of "*Intoxication*" involved moral turpitude. We do not here decide nor do we find it necessary even to discuss whether intoxication is a crime involving moral turpitude.

1. Now Justice Glassman.

The record discloses the defendant himself testified on direct examination that he was arrested for intoxication in Augusta the day before Thanksgiving and that he returned to Maine from Massachusetts and entered a plea of guilty to the charge in the District Court in Augusta on December 8th.

This incident was a material and important part of his alibi.

In rebuttal two police officers took the stand and testified that the arrest actually took place on the 29th of November, not the day before Thanksgiving, as the defendant says, and that he was released on bail early in the morning.

The defendant was then recalled to the stand. The following questions were asked and answers given:

"BY MR. BOURGET:

Q Donald, you heard Officer Bruce Meserve testify?

A Yes.

Q And also Capt. Welch?

A Yes.

Q Were you in Augusta on the 29th of November?

A Yes, I was.

Q Why did you say another day?

A Because I thought it was the 26th date, the day before Thanksgiving. It was my mistake.

Q What did you do on the 29th?

A The 29th? That was the night we went to the Hotel Arnold.

Q Is that the night you got arrested?

A Yes."

We think the Presiding Justice overlooked the circumstances in which the intoxication conviction came before the jury when he instructed the jury as follows:

"Now, as this case has developed the defendant took the witness stand and you will recall his testimony that he pleaded guilty to being drunk or intoxicated which involved moral turpitude. And the law assumes of a witness who has been convicted of a crime or one involving moral turpitude that you may take that into consideration in weighing his testimony and determine his credibility. Because our law has said a person who has been convicted of crime involving moral turpitude, or a felony, his testimony may not be as worthy of the credibility as one that has not. You must not use it for any other purpose. It has no bearing whatsoever upon whether or not that has evidence of convicting him of this offense. It only goes to his credibility and nothing more. That's as far as you can go."

The fact of the defendant's having entered a plea of guilty to the crime of intoxication was introduced into the case by the defendant to bolster his claim of alibi. It was not introduced as bearing on his credibility, even if it would have been admissible for that purpose.

The question whether intoxication is in the class of crimes which by statute can be shown to affect credibility aside, the Presiding Justice's instruction contained an incorrect statement of the purpose for which the evidence was introduced by the defendant.

The real issue is whether this misstatement as to the purpose of the testimony was prejudicial.

As we have noted, after the defendant's testimony concerning the date he was arrested in Augusta and after the police officers had demonstrated by their testimony that his recollection of the date was incorrect, the defendant himself took the stand and admitted that he was in error. Thus, his original testimony as to the date of his arrest was completely removed from the jury's consideration in support of his alibi by his own later testimony. The incorrect

statement of the Presiding Justice as to the purpose for which testimony could be considered was, therefore, clearly not prejudicial.

As to whether by informing the jury as he did that the crime of intoxication involved moral turpitude the Presiding Justice committed error, we need not concern ourselves because no objection was ever entered to the instructions.

As to whether it was *manifest* error within the meaning of Rule 52(b), suffice it for us to say, in the circumstances it could not be an "obvious error[s] or defect[s] affecting substantial rights," albeit error, to have given the instruction because intoxication is not a crime which by its nature has a tendency to demonstrate that the person convicted of such crime is unworthy of belief.[2]

█ The Appellant in his brief argues the verdict of the jury fails to find support in the evidence.

If Peter Bonsant was telling the truth in his testimony and his recollection was accurate, there could be no reasonable doubt of the defendant's guilt.

On the other hand if the testimony of the defendant and his alibi witnesses was believed, there was not only a reasonable doubt as to his guilt but there was no possible question as to his innocence.

The record reveals the testimony of the defendant and his alibi witnesses was badly shaken by the testimony of the rebuttal witnesses, officers from the City of Augusta Police Department, that he had been arrested in Augusta, Maine, charged with

intoxication and had been admitted to bail from the police station at about 1:30 a. m. November 29th, two days before the break. This was at a time when the defendant and his alibi witnesses testified he was in Massachusetts.

The jury was justified in concluding as it did.

The entry must be,

Appeal denied.

DUFRESNE, C. J., and POMEROY, WERNICK and ARCHIBALD, JJ., concur.

WEBBER, Justice (concurring).

I reach the same result as does the Court and agree in part with the method by which the opinion arrives at that result.

The Court rightly holds that the error of the Justice below in his treatment of the *purpose* for which evidence of a conviction for intoxication entered this case was not error of the sort the Court will notice on appeal, absent timely objection below. The defendant does not contend otherwise. The whole thrust of the defendant's argument is that in the light of present day standards of conduct, it was "manifest" error to inform the jury that intoxication involves moral turpitude and a conviction therefor may affect credibility. As the law has been understood and applied since 1947,[1] I do not think that *portion* of the charge can be said to be an erroneous statement of the law. Convictions for public intoxication have been frequently introduced into evidence at the trial level in an effort to impeach the credibility of a wit-

2. 16 M.R.S.A. § 56 provides as follows:
"No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility."
We suggest the time has come for a re-evaluation of this statute by the Legislature, particularly insofar as it permits

evidence of conviction for felonies which by their nature have no tendency whatsoever to demonstrate lack of veracity. For discussion of the problem see State v. Toppi, Me., 275 A.2d 805, 810, n. 5 (1971).

1. The statute, 16 M.R.S.A., Sec. 56, quoted in full in the opinion of the Court, was adopted by P.L.1947, Ch. 265.

ness.  Although the precise issue has not heretofore been raised on appeal, the language of State v. Budge (1927) 126 Me. 223, 228, 137 A. 244 and State v. Jenness (1948) 143 Me. 380, 384, 62 A.2d 867 leaves no doubt but that our Court has always considered that public intoxication involved moral turpitude.  In accordance with well established legal principles, we must assume that the Legislature had this understanding of the law when it used the words "crime involving moral turpitude" in the statute bearing on the credibility of witnesses.  Although I concur in the footnote suggestion in the opinion of the Court that the Legislature should now re-evaluate the statute and seek a better standard than "moral turpitude," we must in my view conclude that until there is corrective legislative action it is not error for a trial court to relate a conviction for intoxication to moral turpitude and thus to credibility. My concern is that the opinion of the Court as worded may create doubt at the trial court level as to whether or not this is the presently existing law in Maine.

WEATHERBEE, J., joins in separate concurring opinion.