STATE of Maine

v.

## David B. COLLINS.

Supreme Judicial Court of Maine.

Oct. 23, 1978.

Charles K. Leadbetter (orally), Stephen L. Diamond, Asst. Attys. Gen., Augusta, Thomas E. Delahanty, II, Dist. Atty., Auburn, Linda Sibery Crawford, Asst. Dist. Atty. (orally), Farmington, for plaintiff.

Cloutier & Joyce by Patrick E. Joyce (orally), Livermore Falls, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

The substance of former 17 M.R.S.A. § 503 and 17 M.R.S.A. § 3701 were combined in the Criminal Code as 17–A M.R.S.A. § 210 effective May 1, 1976.

This section of the Code deals with *"terrorizing"* including the act of communicating threats causing the evacuation of a building, place of assembly or facility of public transport. Use of this statute as the basis for criminal prosecution has become of increasing importance because during the past few years *"terrorizing"* has reached almost epidemic proportions in many parts of the country. Bomb threats to public buildings and the threat of physical violence against innocent law-abiding citizens has become all too commonplace. Little wonder then the law deals harshly with such conduct.

17–A M.R.S.A. § 210 describes as criminal conduct communicating

*to any person a threat to commit or cause to be committed a crime of violence dangerous to human life, against the person threatened or another, and the natural and probable consequence of such a threat, whether or not such consequence in fact occurs, is:*

> *A. To place the person to whom the threat is communicated in reasonable fear that the crime will be committed; or*

> *B. To cause evacuation of a building, place of assembly or facility of public transport.*

The appellant was indicted and convicted of violating 17–A M.R.S.A. § 210.

Also alleged and proved was that the crime was committed by use of a dangerous weapon, a firearm, thus bringing 17–A M.R.S.A. § 1252(4) and (5) into play.

An appeal seasonably followed such conviction.

We deny the appeal.

The jury was justified in finding as fact that appellant was driving an automobile in Wilton, Maine on August 7, 1976. At that time and place appellant's drinking companion was a passenger in the front seat of his automobile. To appellant's knowledge the passenger was in possession of a shotgun at that time and place. As the vehicle approached two boys on bicycles, appellant slowed the car nearly to a stop. The passenger pointed the barrel of the shotgun out the window, aiming it at the head of one of the boys, saying, *"can I blow you away"*. At this point, both appellant and the passenger laughed aloud. The automobile then slightly increased its speed to catch up with the other boy on the bicycle some 20 feet ahead. When this bicycle and rider was reached, the vehicle was again slowed down and the same behavior was repeated. Immediately thereafter, the vehicle *"took off fast"*.

One boy was able to observe the vehicle's registration number. The Sheriff's Department was immediately notified.

At the trial the passenger testified admitting that he had pled guilty to the same offense with which appellant was charged. His claim was that he had been so drunk that he could not remember exactly what happened, but that he wouldn't *"doubt I did it at all"*.

■ A principal issue raised on appeal was a claim that the indictment was fatally defective in that it failed to specifically charge appellant's conduct was intentional.

The issue thus raised was considered and settled adversely to the position of this appellant in *State v. Porter*, Me., 384 A.2d 429 (1978).

Appellant's major attack on the validity of the conviction is focused upon the Justice's failure, as he says, to correctly and adequately instruct the jury as to when one may be convicted of a crime committed by the conduct of another person.

■ The Criminal Code 17–A M.R.S.A. § 57 describes in great detail what must be proven beyond a reasonable doubt before one may be convicted as an accomplice.[1] At the outset it must be conceded that the

---

1. 17–A M.R.S.A. § 57 provides:

   *1. A person may be guilty of a crime if it is committed by the conduct of another person for which he is legally accountable as provided in this section.*

   *2. A person is legally accountable for the conduct of another person when:*

   *A. Acting with the intention, knowledge, recklessness or criminal negligence that is sufficient for the commission of the crime, he causes an innocent person, or a person not criminally responsible, to engage in such conduct; or*

   *B. He is made accountable for the conduct to such other person by the law defining the crime; or*

   *C. He is an accomplice of such other person in the commission of the crime, as provided in subsection 3.*

   *3. A person is an accomplice of another person in the commission of a crime if:*

   *A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct; or*

   *B. His conduct is expressly declared by law to establish his complicity.*

   *4. A person who is legally incapable of committing a particular crime himself may be guilty thereof if it is committed by the conduct of another person for which he is legally accountable.*

   *5. Unless otherwise provided, a person is not an accomplice in a crime committed by another person if:*

   *A. He is the victim of that crime; or*

   *B. The crime is so defined that it cannot be committed without his cooperation; or*

   *C. He terminates his complicity prior to the commission of the crime by*

   *(1) informing his accomplice that he has abandoned the criminal activity and*

   *(2) leaving the scene of the prospective crime, if he is present thereat.*

   *6. An accomplice may be convicted on proof of the commission of the crime and of his complicity therein, though the person claimed to have committed the crime has not been prosecuted or convicted, or has been convicted of a different crime or degree of crime, or is not subject to prosecution as a result of immaturity, or has an immunity to prosecution or conviction, or has been acquitted.*

instructions as given were those approved by this Court as appropriate under the substantive law as it was prior to the adoption of the Criminal Code. *State v. Mower*, Me., 317 A.2d 807 (1974). There is no question but that the evidence reveals it was appellant's companion, not the appellant, who leveled the shotgun at the two boys on the bicycles, and it was the appellant's companion and not the appellant who uttered the words claimed by the indictment to constitute the threat.[2]

The presiding Justice instructed the jury in part as follows:

> *And so the State says that in this case this defendant was an accomplice in that he aided, assisted, abetted, encouraged in the commission of the offense by his companion in the vehicle to the extent that he was aware of the fact that the crime was being committed by his companion, that he in some way aided, assisted, encouraged or abetted Mr. Antone in the commission of the crime, and that he was there either aiding or in the course of the commission of the crime was there if called upon to aid and did in fact aid and assist in the commission of the crime by Mr. Antone.*

The evidence in the case created no issue as to whether the conduct of appellant's companion was *"reasonably foreseeable."* The evidence compelled the conclusion by the factfinder that the defendant slowed his car down when the car was nearly abreast the first boy on the bicycle; that after the words were uttered by appellant's companion which constituted the threat the appellant was heard to laugh aloud. Also shown is that he sped up his car until the car was abreast of the second boy on a bicycle when he again slowed down. Again when the threat was repeated, appellant laughed aloud. Thereafter, appellant accelerated the car and sped away from the scene.

 Assuming that the instruction to the jury of which complaint was made was imperfect in that it failed to trace exactly 17–A M.R.S.A. § 57, the alleged error was not saved.[3] Viewed in the *"manifest error-serious injustice"* context, we find the failure to give a *"reasonably foreseeable"* instruction could not possibly prejudice the appellant. His conduct demonstrates that he was completely aware of what his companion was doing and that he drove his automobile in such a manner that the companion was able to do that charged by the indictment. Appellant's guilt as an accomplice was overwhelmingly demonstrated. His appeal is without merit.

The entry must be:

Appeal denied.

Judgment of conviction affirmed.

DELAHANTY, J., did not sit.

---

2. While the indictment does not charge the appellant as an accomplice, it is sufficient to charge an accomplice as a principal. *State v. Mower, supra; State v. Berube*, 158 Me. 433, 434, 185 A.2d 900, 901 (1962).

3. *"Accordingly, the alleged error can form the basis for reversal only if it meets the* 'manifest error-serious injustice' *standard."* *State v. Conwell*, Me., 392 A.2d 542 (1978).