PEOPLE v CARTER

Docket No. 30029. Submitted June 6, 1979, at Lansing.—Decided December 7, 1979. Leave to appeal applied for.

Alvin D. Carter was convicted in Jackson Circuit Court, Charles J. Falahee, J., of unarmed robbery, extortion, and two counts of conspiracy, arising from an incident in which Carter and others composed a threatening note which Carter then used to obtain money from the complainant. Defendant appeals, alleging a violation of his right not to be placed in double jeopardy. *Held:*

1. The convictions of both unarmed robbery and extortion, arising from the single act of obtaining the money from the complainant, constitute double jeopardy.

2. The convictions of both extortion and·conspiracy to commit extortion do not constitute double jeopardy; the crime of conspiracy is distinct from the substantive offense.

The convictions of unarmed robbery and conspiracy to commit unarmed robbery are reversed; the convictions of extortion and conspiracy to commit extortion are affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY — SINGLE OFFENSE.

A single criminal offense may not be divided into several parts and separate prosecutions and separate punishments be based upon the various divisions of the single crime; in such a situation the prohibition against double jeopardy applies unless the Legislature has intended that one occurrence give rise to two separate violations.

2. ROBBERY — EXTORTION — CONSPIRACY — DOUBLE JEOPARDY.

A defendant who obtained money from a complainant by means of a threatening note may not be convicted of both unarmed robbery and extortion, nor of two counts of conspiracy for the planning of the single criminal act.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 184.
[2] 67 Am Jur 2d, Robbery § 48.
[3] 16 Am Jur 2d, Conspiracy § 37.

3. EXTORTION — CONSPIRACY — DOUBLE JEOPARDY.

   A defendant's convictions of extortion and of conspiracy to commit extortion do not constitute double jeopardy; the crime of conspiracy is distinct from the substantive offense, and the fact that the same evidence was used to establish the two separate offenses does not violate the proscription against double jeopardy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Bruce A. Barton,* Special Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, and *Nancy Bosh,* Research Attorney, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

PER CURIAM. In this case defendant appeals from his jury convictions of unarmed robbery, MCL 750.530; MSA 28.798, conspiracy to commit unarmed robbery, MCL 750.157a; MSA 28.354(1), extortion, MCL 750.213; MSA 28.410, and conspiracy to commit extortion, MCL 750.157a; MSA 28.354(1). The defendant raises numerous issues for our review, only one of which we find meritorious.

On December 19, 1975, Peggie Johnson, a worker in the customer service office of the Consumers Power Company in Jackson, Michigan, was robbed by a man who handed her a note threatening her three sons unless she gave him money. Mrs. Johnson testified that she complied with the request because she feared that the man might injure her and her three sons if she did not. Edward Kimble, an inmate at the state prison,

---

  * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

testified that he and defendant had planned the robbery the night before. At that time, they and a third person, Diane Potter, wrote the note which was used in the robbery. Kimble's testimony was corroborated by Diane Potter who identified defendant as helping prepare the note which was used subsequently.

On appeal, defendant argues that his right not to be placed in jeopardy twice was violated by his convictions of extortion and unarmed robbery. He further argues that conviction of a substantive crime under the aiding and abetting statute and conviction for conspiracy to commit that crime is likewise a violation of the double jeopardy clause.

In *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), Martin was charged and convicted of both delivery and possession of heroin. There was no dispute that each count covered the same heroin. The only possession shown by the evidence was that incident to its delivery. As a result, the Supreme Court reversed the conviction for delivery on double jeopardy grounds.

Martin was followed by *People v Stewart, (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), where the Court described the facts of the case as follows:

"There is no dispute in the instant case that the same heroin was allegedly possessed and sold by the defendant in a single continuous transaction. There was no evidence of possession distinct and apart from the overall sale sequence." *Id.* at 547.

Both cases relied on *State v Allen,* 292 A2d 167 (Me, 1972). As in *Martin* and *Stewart,* the rationale of *Allen* is directly on point with the instant case:

"It is elementary that the State cannot divide a single offense into several parts according to time and conduct and base separate prosecutions upon and impose separate punishments for the various necessary divisions of that single crime." *State v Allen, supra,* at 172.

Double jeopardy applies in such situations unless the Legislature intended that one occurrence give rise to two separate violations. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Looking to the facts of this case, it is obvious that both of defendant's convictions of the substantive offenses stem from the same set of facts. Defendant extracted money from the complainant by means of a threatening note. This one occurrence was used to convict him of both unarmed robbery and extortion. In addition, the planning of this one criminal act gave rise to defendant's conviction on the two counts of conspiracy. Moreover, it does not appear that the Legislature clearly intended to punish twice one instance of this type of criminal conduct. Hence, defendant's convictions for unarmed robbery and extortion and conspiracy to commit both would appear to fall within the proscription of *Martin/Stewart.* See *e.g. People v Anderson,* 83 Mich App. 744; 269 NW2d 288 (1978). Accordingly, we reverse defendant's convictions of unarmed robbery and conspiracy to commit unarmed robbery. See *People v Stewart, supra,* 550.

Defendant also argues that his conviction for the substantive crime of extortion and conspiracy to commit extortion also constitute double jeopardy. We disagree.

The crime of conspiracy has been found to be distinct from the substantive offense. *People v*

*Tinskey,* 394 Mich 108; 228 NW2d 782 (1975). This is true in a factual sense as well. The crime of conspiracy punishes the planning of an unlawful event by two or more people. *People v Berry,* 84 Mich App 604; 269 NW2d 694 (1978). The substantive offense punishes the actual commission of the crime. Hence, we have two distinct factual occurrences. Although defendant alleges that the same evidence at trial was used to establish two separate acts punishable under different statutes, "the double jeopardy clause does not forbid two inferences from the same evidence". *People v Gonzales,* 86 Mich App 166, 170; 272 NW2d 227 (1978). Accordingly, defendant's convictions for extortion and conspiracy to commit extortion are affirmed.

Reversed in part and affirmed in part.