1997 ME 115

**STATE of Maine**

v.

**Richard DAVIS.**

**No. CUM–96–91.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 25, 1997.

Decided May 27, 1997.

Andrew Ketterer, Attorney General, Lea–Anne Jameson, Asst. Atty. Gen., MDEA, Portland, for State.

Henry W. Griffin, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and RUDMAN, JJ.

CLIFFORD, Justice.

[¶ 1] Richard Davis appeals from the judgments entered in the Superior Court (Cumberland County, Cole, C.J.) following jury verdicts finding him guilty of two counts of aggravated trafficking or furnishing scheduled drugs in violation of 17–A M.R.S.A. § 1105 (Supp.1996). On appeal, Davis challenges the sufficiency of the evidence to support the verdicts and the admission of certain evidence. We affirm the judgments.

[¶ 2] In February 1994, the Maine Drug Enforcement Agency (MDEA) instructed a confidential informant to enter Bubba's Sulky Lounge, located in Portland, and attempt to get someone to sell him drugs. Prior to entering the bar, the informant met with Special Agents Shawn O'Leary and Scott Durst. O'Leary was working undercover posing as a friend of the informant seeking to purchase drugs. Durst was acting as a safety or backup and was responsible for recording any conversations received from a body wire on the informant.

[¶ 3] While the informant and O'Leary were in the bar, the informant made contact with Davis. Davis told the informant that he could get O'Leary an eight-ball of cocaine for $200 and that he "expected to be taken care of." At Davis's direction, the threesome drove to two Portland residences but were unsuccessful in locating the cocaine.

[¶ 4] As they were returning to the bar, Davis saw Mark Johnson on the street. Davis and the informant got out of O'Leary's car and approached Johnson. Davis told Johnson that O'Leary was looking for an eight-ball and that Davis needed Johnson's assistance. Johnson stated that he could provide the cocaine and that although he no

longer needed Davis's assistance, he would take care of Davis later. Johnson, O'Leary, and the informant then proceeded to a Portland residence where Johnson sold them an eight-ball of cocaine for $200. Subsequent to the transaction, the substance was tested and confirmed to be cocaine.

[¶ 5] In May 1994, the informant met with Agent Durst for the purpose of purchasing heroin in a transaction that the informant had set up with Davis. The informant met with Davis who offered to sell him three or four bags of heroin for $30 to $40 per bag. The informant drove Davis to Davis's residence, gave him the money, and received the packages in return. The substance in the packages was subsequently identified as heroin.

[¶ 6] Davis was charged in a two-count indictment with aggravated trafficking or furnishing scheduled drugs in violation of 17–A M.R.S.A. § 1105. Davis filed this appeal following a jury trial at which he was found guilty as to both counts.

I

[¶ 7] Davis contends that because there was no evidence that he received any "consideration" for his alleged role in the cocaine transaction, insufficient evidence existed to find him guilty beyond a reasonable doubt of aggravated trafficking in schedule W drugs (Class A).[1] When reviewing challenges to the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine whether a factfinder "rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Marden*, 673 A.2d 1304, 1311 (Me.1996) (quoting *State v. Taylor*, 661 A.2d 665, 668 (Me.1995)).

[¶ 8] Title 17–A of the Maine Revised Statutes Annotated section 1103 provides in relevant part:

1. A person is guilty of unlawful trafficking in a scheduled drug if the person

---

1. Davis has not challenged the sufficiency of the evidence with regard to the count charging him with aggravated trafficking in heroin. Moreover, there was ample evidence before the jury on this count to support its verdict.

intentionally or knowingly trafficks in what the person knows or believes to be a scheduled drug and that is in fact a scheduled drug . . .

2. Violation of this section is:

A. A Class B crime if the drug is a schedule W drug. . . .

17–A M.R.S.A. § 1103 (Supp.1996). A person is guilty of aggravated trafficking or furnishing scheduled drugs pursuant to section 1105(1)(B) if the person violates section 1103, and at the time of the alleged offense, the person has been convicted of any offense under the chapter punishable by a term of imprisonment of more than one year. 17–A M.R.S.A. § 1105(1)(B)(Supp.1996).[2] Trafficking is defined as "[t]o sell, barter, trade, exchange or otherwise furnish for consideration." 17–A M.R.S.A. § 1101(17)(C) (1983).

[¶ 9] Pursuant to the accomplice liability statute set forth in 17–A M.R.S.A. § 57(2)(C), (3)(A) (1983), a defendant is legally accountable for the conduct of another when the defendant aids such other person in committing the crime with the intent of facilitating the crime. *State v. Mansir,* 440 A.2d 6, 7 (Me.1982).

██ [¶ 10] We reject Davis's contention that there is insufficient evidence to find him guilty of trafficking because he did not receive any considerations. To be held liable as an accomplice, Davis need not receive any consideration if consideration was received by someone and the elements of the crime are proven.[3] In *State v. Cote,* 444 A.2d 34, 37 (Me.1982), we noted that a defendant who phoned a supplier and ordered ten pounds of marijuana and some cocaine could be found guilty of trafficking in cocaine even when he did not take money or ultimately deliver the drugs. *See also State v. Ayers,* 433 A.2d 356, 364 (Me.1981) (a person need not be present at scene of crime to be legally accountable as an accomplice). The record in this case dem-onstrates that the jury could have found the following facts: (1) Davis took the informant and O'Leary to two locations to find cocaine; (2) Davis knew Johnson and approached him to facilitate the sale; (3) Davis introduced the informant to Johnson; and (4) Johnson received $200 from O'Leary in exchange for the cocaine. This evidence was sufficient to convict Davis of aggravated trafficking of a scheduled drug on an accomplice theory of liability.

## II

[¶ 11] Davis also contends that the court erred by allowing in evidence certain statements made by Johnson pursuant to the co-conspirator exception to the hearsay rule and by allowing the MDEA agents to testify, over his relevancy objection, regarding their involvement in drug transactions, and the nature of drug transactions generally. After reviewing the record, we are convinced that the court did not err in admitting those statements.

The entry is:

Judgments affirmed.

---

2. The indictment alleged that Davis had been convicted of unlawful trafficking in cocaine (Class B)(CR 91–274) and conspiracy to traffick in cocaine (Class C) (CR 90–1525), for which he was sentenced to three years imprisonment. Davis does not challenge that aspect of the convictions.

3. We have repeatedly held that an individual need not be indicted as an accomplice to be convicted as a principal. *See State v. Allison,* 427 A.2d 471, 474 (Me.1981); *State v. Collins,* 392 A.2d 1078, 1080 n. 2 (Me.1978). In fact, the common law in Maine has always condoned charging an accessory in the indictment as if he were a principal. *See State v. Ricker,* 29 Me. 84 (1848).