### JULIA CARGEN v. THE PEOPLE.

*Commitment for murder—Challenge for cause—Information.*

A justice need not certify to the circuit court the degree of murder of which he returns that there is probable cause to believe the defendant guilty.

A juror in a murder case who testifies that he has a positive opinion as to whether deceased had been murdered, but had formed none as to the guilt of the accused and has no bias and believes that he can render an impartial verdict according to the evidence, is not disqualified.

It is not good ground for a challenge for cause that the juror has already been peremptorily challenged upon the trial of another prisoner charged with the same crime; it cannot be assumed that it will prejudice him in a different case.

An information charging murder without specifying the degree is sufficient under Comp. L., § 7916 to support a conviction for murder in the first degree.

Error to Saginaw. Submitted Oct. 23. Decided Oct. 31.

MURDER. Respondent was found guilty and sentenced to solitary confinement in the State Prison for life, at hard labor.

*Wm. A. Clark* and *Wm. A. Clark jr.,* for plaintiff in error. A finding by an examining magistrate that the accused was guilty of murder, does not authorize an information for murder in the first degree, Comp. L., §§ 7860, 7944; *Yaner v. People,* 34 Mich., 286; *Maher v. People,* 10 Mich., 212; *State v. Turner,* Wright (O.), 20; *Hill's case,* 2 Gratt., 594; *Cathcart v. Com.,* 1 Wright

(Pa.), 108; 3 Greenl. Ev., §§ 13, 14; the prejudice caused in a juror's mind by having been peremptorily challenged upon the trial of another person on the same information, disqualifies him, *Holt v. People*, 13 Mich., 224; an information for murder in the first degree should set out all statutory elements of the crime, 1 Bish. Crim. Pro., § 80; 2 id., §§ 562–600; Comp. L., § 7510; *People v. Potter*, 5 Mich., 1; *Com. v. Earle*, 1 Whart., 525; *Fouts v. State*, 8 Ohio St., 98; *Loeffner v. State*, 10 Ohio St., 598; *State v. Cleveland*, 58 Me., 564; *Bower v. State*, 5 Mo., 364; *State v. Jones*, 20 Mo., 58; 3 Greenl. Ev., § 10; 1 Russ. Cr., 767–841; *Rex v. Parfitt*, 8 C. & P., 288.

Attorney General *Otto Kirchner* for the People.

COOLEY, J. Plaintiff in error was complained of with others before a justice of the peace in the following form:

"STATE OF MICHIGAN, ⎫ ss.
  *County of Saginaw*, ⎭

The complaint and examination on oath and in writing of Reuben W. Andrus, taken and made before me, James W. Clark, a justice of the peace of the city of Saginaw, in said county, upon the 14th day of September, A. D. 1876, who being duly sworn, says that heretofore to wit: on the 12th day of September, A. D. 1876, at the township of Chesaning, and in the county aforesaid, Mary Jane Smith, Norris Alexander, Freeman Cargen, and Julia Cargen, feloniously, willfully, and of their malice aforethought did kill and murder Charles Smith, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan, wherefore the said Reuben W. Andrus prays that the said Mary Jane Smith, Norris Alexander, Freeman Cargen and Julia Cargen may be apprehended and held to answer this complaint and further dealt with in relation to the same as law and justice may require.

                           R. W. ANDRUS.

Taken, sworn and subscribed to before me the day and year first above written.

                     JAMES W. CLARK,
                        *Justice of the Peace.*"

The accused being arrested and brought before the

justice, waived an examination, and the cases were certified to the circuit court, where plaintiff in error was informed against for murder, and was convicted of murder in the first degree. Freeman Cargen was joined with her in the information, but was first tried.

I. It is assigned for error that the justice in certifying the case to the circuit court only certified that he found the offense "as charged in said complaint and warrant to have been committed, and that there is probable cause to believe them [the defendants] guilty thereof," and did not find whether the offense was murder in the first or in the second degree. But this was sufficient. *Brownell v. People,* 38 Mich., 732; *Turner v. People,* 33 Mich., 363; *Yaner v. People,* 34 Mich., 286.

II. When the case was called for trial several jurors were challenged for cause, all of whom on being examined under oath testified that they had heard and read of the case, and had an opinion positive in its character as to whether or not Charles Smith, named in the information, was murdered, but had neither formed nor expressed an opinion as to the guilt or innocence of the plaintiff in error, and had no bias or prejudice for or against her, and believed they could render an impartial verdict according to the evidence. The circuit judge overruled the challenges. The ruling was correct. *Holt v. People,* 13 Mich., 224; *Stephens v. People,* 38 Mich., 739.

III. One Barnum, also called as a juror, was challenged for cause, and the cause assigned was that he had already been rejected as a juror on the trial of Freeman Cargen upon the same information, on the peremptory challenge of said Freeman. It is said that "the natural prejudice thereby created makes his impartiality matter of serious doubt." It is no doubt possible that one may in feeling resent being rejected as a juror, or be prejudiced thereby against the person challenging him; but that his prejudice will extend to others who had nothing to do with the rejection is a suggestion too unnatural to constitute a basis for judicial action. The challenge was properly overruled.

IV. It is assigned for error that the court received and entered judgment upon a verdict of murder in the first degree, whereas murder in the first degree was not charged in the information, but only murder. The form of the information was the one in common use in this State, and in *Sneed v. People*, 38 Mich., 248, this very objection was considered and overruled.

The plaintiff in error has no cause of complaint on this record, and the conviction is sustained.

The other Justices concurred.