PEOPLE v. WHITE

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—INSUFFICIENT EVIDENCE—APPEAL AND ERROR—PRESERVING QUESTION.

Insufficiency of the evidence at the preliminary examination may not be raised for the first time on appeal.

2. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—APPEAL AND ERROR—MOTION FOR NEW TRIAL.

A motion for a new trial is required to preserve for appellate review the issue of whether a verdict is against the great weight of the evidence.

3. CRIMINAL LAW—IDENTIFICATION PROCEDURE—APPEAL AND ERROR—TIMELY OBJECTION.

Failure to object at trial to identification procedure precludes appellate review of that issue.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—FAILURE TO REQUEST.

Error cannot be predicated upon the trial court's failure to instruct the jury that the mere presence of the defendant at the crime charged does not make the defendant a party to the crime where no request was made for such an instruction.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 March 3, 1971, at Detroit. (Docket No. 9494.) Decided April 1, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 78–86.
[2] 5 Am Jur 2d, Appeal and Error §§ 608, 610, 632.
[3] 5 Am Jur 2d, Appeal and Error § 652.
[4] 5 Am Jur 2d, Appeal and Error § 623.

Louis A. White was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Abba I. Friedman,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Per Curiam. A jury convicted defendant of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He was sentenced, and on appeal he raises four issues, three of which were not preserved for appellate review.

Insufficiency of the evidence at the preliminary examination may not be raised for the first time on appeal, *People* v. *Willis* (1965), 1 Mich App 428, as defendant seeks to do here.

In order to preserve for appellate review the issue of the verdict being against the great weight of the evidence, a motion for new trial is required. *People* v. *Jagosz* (1931), 253 Mich 290. No such motion was made in this case.

Failure of defendant to object at trial to the identification procedure precludes our review of this issue. *People* v. *Coleman* (1968), 14 Mich App 515.

This record demonstrates no clear injustice, *People* v. *Jackson* (1969), 17 Mich App 675, and we decline further comment on the foregoing issues.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

With respect to defendant's asserted error on the failure of the trial court to instruct the jury that mere presence at a crime does not constitute one a party to the crime, no request for such an instruction was made; hence, no error. *People* v. *Nawrocki* (1965), 376 Mich 252.

Affirmed.