PEOPLE *v* STRUTENSKI

1. HOMICIDE — MURDER — PRELIMINARY EXAMINATION — DEGREE OF MURDER.
   The district judge is not, on preliminary examination, required to determine the degree of murder (MCLA 750.318).

2. INDICTMENT AND INFORMATION—MURDER—STATUTORY SHORT FORM.
   The circuit court properly accepted an information charging murder even though the district judge did not determine the degree of murder where both the warrant and information charged murder in the statutory short form and cited the first-degree murder statute (MCLA 750.316, 767.44).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 January 11, 1972, at Lansing. (Docket No. 11185.) Decided February 29, 1972. Leave to appeal denied, 387 Mich 785.

James Strutenski was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*David P. Huthwaite,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 44.
[2] 41 Am Jur 2d, Indictments and Informations § 7.

PER CURIAM.  Defendant was convicted by a jury of first-degree murder and sentenced to life imprisonment.  MCLA 750.316; MSA 28.548.  He appeals alleging error by the circuit court in denying a motion to quash the information because the district judge did not determine the degree of murder at the time defendant was bound over to circuit court.

The record discloses that the defendant was charged with murder in both the warrant and information under the provisions of MCLA 767.44; MSA 28.984 commonly known as statutory short form. Both the warrant and information cited MCLA 750. 316; MSA 28.548 and MCLA 750.318; MSA 28.550. The district judge bound the defendant over on a charge of murder.  This was correct.  The district judge is not, on preliminary examination, required to determine the degree of murder.  See *Brownell* v *People,* 38 Mich 732 (1878); *Cargen* v *People,* 39 Mich 549 (1878).

The question of the degree of murder was a question for the trier of the facts—in this case the jury. MCLA 750.318; MSA 28.550.  *People* v *Dupuis,* 371 Mich 395 (1963).

An examination of the record discloses no prejudicial error.

Affirmed.