PEOPLE v RANDALL

PEOPLE v VAN HOOSER

1. CRIMINAL LAW—CORPUS DELICTI.

The term corpus delicti means the fact of a specific loss or injury and includes the criminality of someone.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—CORPUS DELICTI.

There is no requirement that the corpus delicti be proven as to a particular defendant at a preliminary examination.

3. CRIMINAL LAW—CORPUS DELICTI—EXTRAJUDICIAL ADMISSIONS.

The corpus delicti may not be established solely by a defendant's confession, but extrajudicial admissions that fall within two exceptions to the hearsay rule may be so used, since this is a sufficient indication of the truth to overcome any reluctance to convict on the basis of a confession.

4. RECEIVING STOLEN GOODS—CONCEALMENT.

Any disposition of property which would have a tendency to conceal it from the observation of its owner is within the meaning of the statute punishing aiding in the concealment of stolen property (MCLA 750.535).

5. RECEIVING STOLEN GOODS—CORPUS DELICTI—EVIDENCE.

The corpus delicti of the crime of concealing stolen property over the value of $100 was shown where there was evidence that the property was stolen, that it was worth over $100, and that it was concealed, because if the property was concealed someone must have concealed it, and at least one person, the thief, had guilty knowledge because he stole it and removed it from the owner's observation knowing that he was doing so (MCLA 750.535).

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1173.
[2] 30 Am Jur 2d, Evidence §§ 1140–1142.
[3] 30 Am Jur 2d, Evidence § 1142.
[4, 5] 45 Am Jur, Receiving Stolen Property § 3.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 June 20, 1972, at Lansing. (Docket No. 12511-12514.) Decided July 26, 1972.

Robert G. Randall and Gary Van Hooser were charged with receiving or concealing stolen property and were bound over to circuit court for trial. Defendants' motions to quash the informations granted. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann),* for defendant Randall.

*Sauer, Girard & Sterling (Smith, Magnusson, Anderson & Chartrand,* of counsel), for defendant Van Hooser.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

DANHOF, J. The defendants, who were both Oakland County Deputy Sheriffs, were charged with receiving or concealing stolen property. MCLA 750.535; MSA 28.803. A preliminary examination was held and the defendants were bound over to the Circuit Court. The defendants moved to quash the informations and the Circuit Court granted the motions. We reverse and remand for trial.

We have four cases that were consolidated for purposes of preliminary examination by stipulation of all parties. In two of the cases defendant

Randall is charged with receiving or concealing stolen property. In the other two cases defendant Van Hooser is charged with the same offense.

At the preliminary examination transcribed statements by each of the defendants were admitted into evidence. Also police officers were allowed to testify regarding statements made by the defendants before the more formal transcribed statements were made. On appeal the principal contention is that the corpus delicti was not established by evidence other than the defendants' statements and thus, the district court erred in binding the defendants over to circuit court.

Both defendants appear to proceed on the erroneous assumption that in establishing the corpus delicti it was incumbent upon the prosecutor to show as part of the corpus delicti that defendants had knowledge that the property was stolen. In our view this is not the law. There is no requirement that the corpus delicti be proven as to a particular defendant.

As Wigmore explains, three definitions of the term corpus delicti have been used. First, it means simply the fact of the specific loss or injury. Second, it must also include someone's criminality. This second definition prevails in this state. *People v Kirby,* 223 Mich 440 (1923). Wigmore describes the third definition as follows, Wigmore on Evidence (3d ed), § 2072, p 402:

> "A third view, indeed, too absurd to be argued with, has occasionally been advanced, at least by counsel, namely, that the *corpus delicti* includes the third element also, *i.e.* the *accused's identity* or agency as the criminal. By this view, the term *corpus delicti* would be synonymous with the whole of the charge, and the rule would require that the whole be evidenced in all three. elements independently of the confession, which would be absurd."

Of course there are many cases where the distinction is of little importance. Many times the fact of someone's criminal activity and the fact of the defendant's activity will be proven at the same time. It is an *a fortiori* proposition that when the defendant's criminality has been shown someone's criminality has been shown. However, in some cases the distinction is important and should be remembered.

It is well-accepted that the corpus delicti must be established by evidence other than a confession of the accused. It is also well-accepted that this rule applies to a preliminary examination. *People v Asta,* 337 Mich 590 (1953), *People v Reid,* 295 Mich 572 (1940), *People v White,* 276 Mich 29 (1936), *Peterson v Oceana Circuit Judge,* 243 Mich 215 (1928). Furthermore, in most crimes the prosecutor must show that the crime charged has been committed, or stated differently, he must show all of the elements of the offense.[1] *People v Barron,* 381 Mich 421 (1968), *People v Kelsch,* 16 Mich App 244 (1969). An exception is when the crime is murder. *People v Allen,* 39 Mich App 483 (1972).

There are several reasons for requiring that the corpus delicti of a crime be established without resort to a defendant's extrajudicial admissions. Some of these are a judicial distrust of confessions, a desire to avoid convicting a man of a crime that has not been committed, and perhaps a feeling that it is not sporting to convict a man solely out of his mouth. An objection based solely on hearsay is, of course, overcome by the fact that they are admissions.

There are several types of statements which

---

[1] Of course, if a lesser included offense is established the defendant may be bound over on that charge or, if the problem arises at the trial on the merits, convicted of the lesser offense.

while classified as admissions are nonetheless admissible to establish the corpus delicti. A statement which itself is an element of the offense may be admitted. *People v Lay,* 336 Mich 77 (1953). Excited utterances are admissible. A statement of a presently existing state of mind made shortly before the crime is committed is admissible to prove the crime. *People v Potter,* 5 Mich 1 (1858). In general, admissions made before the crime was committed are admissible to prove the corpus delicti. *Warszower v United States,* 312 US 342; 61 S Ct 603; 85 L Ed 876 (1941). A statement made roughly contemporaneously with the crime even if shortly after may be admitted to prove the corpus delicti. *People v Quimby,* 134 Mich 625 (1903).

When a defendant's statement is not simply an admission, but also falls within another exception to the hearsay rule, which gives an additional indication of truth, the statement is admissible to prove the corpus delicti. Older cases allowed these statements as part of the *res gestae. People v McGarry,* 136 Mich 316 (1904), *People v Potter, supra, People v Quimby, supra.* Today we would analyze them under the more specific analysis advocated by Professor Wigmore. See *People v Jones,* 38 Mich App 512, 515–516 (1972) where we said:

"The term *'res gestae'* has been used to justify the admission of testimony which would otherwise be inadmissible as hearsay. Examples of the types of statements which have been called *res gestae* are (1) declarations of present bodily condition, (2) declarations of present mental states and emotions, (3) excited utterances, and (4) declarations of present sense impressions. The term *'res gestae'* has also been used to describe statements that are not hearsay and this fact illustrates the indiscriminate coverage of the term."

The policy of the rule requiring proof of the corpus delicti by proof other than a confession is not offended by admitting statements which fall within two exceptions to the hearsay rule. This is sufficient indication of the truth to overcome any reluctance to convict on the basis of a confession. A rule that was created for the salutary purpose of doing justice should not be construed in a manner that makes it merely an escape hatch for the guilty.

Some of the defendants' statements are admissible under the foregoing discussion and some are not. However, we find that a detailed discussion of the various admissions is unnecessary. Even if the admissions are totally disregarded there is ample evidence to show the corpus delicti. As noted earlier it is not necessary to prove that any given individual committed a crime to show the corpus delicti. All that is needed is a showing that someone committed it.

The statute, MCLA 750.535; MSA 28.803, provides:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted, if the property purchased, received or concealed exceed the value of $100.00, shall be guilty of a felony."

At the examination the following facts were clearly shown. The property was stolen. It was worth over $100. The property was concealed. There was in existence at least one person who took steps to conceal the property while having knowledge that it was stolen.

In *People v Reynolds,* 2 Mich 422, 424 (1852) it was said:

"Any disposition of the property which would have a tendency to conceal it from the observation of the owner, is within the meaning of this *law.*"

The testimony of the owners indicated that the property was gone. It was removed from their observation and therefore was concealed. Since the property was concealed someone must have concealed it. It is also clear that at least one person had guilty knowledge: that person is the thief. The thief may be found guilty under the receiving and concealing stolen property statute. *People v Simon,* 23 Mich App 64 (1970). It is clear that someone stole the property and removed it from the owner's observation knowing that he was doing so. A violation of the statute has been shown and therefore the corpus delicti has been shown.

When the defendants' admissions are considered on the question of probable cause to believe their guilt there is sufficient evidence to justify binding them over.

The defendants also argue that their admissions should be excluded because the requirements of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), and *Garrity v New Jersey,* 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967), were not met. The record indicates that at the time the disputed statements were made the defendants had not been deprived of their freedom of action in any significant way. Therefore, *Miranda* is not in point. The defendants' *Garrity* issue is not a proper issue to be raised on a motion to quash. It is not the function of the circuit court to second-guess the district court. The findings of the examining magistrate are to be set aside only when there is an abuse of discretion. *People v Medley,* 339 Mich 486 (1954). Ordinarily the proper way to test the admissibility of this type of evidence is by

a pretrial motion to suppress. This case provides an illustration of why the question should not be decided on a review of the transcript of the preliminary examination. The issue was never squarely framed in the preliminary proceedings and thus, proper review is impossible. To allow counsel to freely raise this type of issue on a motion to quash simply gives another tool to those who wish to defend by harassment and delay and does nothing to protect those who have a meritorious claim. If the evidence is inadmissible a motion to suppress is a perfectly adequate remedy.

Reversed and remanded for trial.

All concurred.