PEOPLE v McKINNEY

OPINION OF THE COURT

1. APPEAL AND ERROR—PRELIMINARY EXAMINATION—IRREGULARITIES —PRESERVING QUESTION.

A defendant on appeal may not raise errors or irregularities relating to the preliminary examination unless the issue was timely raised prior to or at trial.

2. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—JURISDICTION —RETURN OF MAGISTRATE—PRELIMINARY EXAMINATION—OPEN MURDER.

A circuit court's jurisdiction over a criminal defendant is limited to the offense specified in the return of the examining magistrate, but a magistrate presiding at a preliminary examination of a charge of open murder is not required to determine the degree of murder and a defendant may properly be charged with and convicted of first-degree murder or felony murder at trial where he has been bound over on a charge of open murder in the statutory short form language (MCLA 767.44).

3. HOMICIDE—FELONY MURDER—CORPUS DELICTI—CONFESSION—EXCEPTIONS.

The corpus delicti of felony murder may be established by circumstantial evidence and reasonable inferences but it may not be established without evidence independent of the accused person's extrajudicial admissions or confession; however, exceptions to the rule have been carved out for some admissions which are not confessions.

4. EVIDENCE—HEARSAY—EXCEPTIONS—RES GESTAE—EXAMPLES— STATEMENTS OF DEFENDANT.

A defendant's statement which is not merely an admission but

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 41 Am Jur 2d, Indictments and Informations § 198.
[3, 5, 7, 8] 40 Am Jur 2d, Homicide §§ 284, 432–434, 455.
[4] 29 Am Jur 2d, Evidence § 708 *et seq.*
[6] 68 Am Jur 2d, Searches and Seizures § 49 *et seq.*

also falls within another exception to the hearsay rule is admissible to prove the corpus delicti, and examples of such statements admissible as res gestae are (1) declarations of present bodily condition, (2) declarations of present mental states and emotions, (3) excited utterances, and (4) declarations of present sense impressions.

5. Evidence—Admissions—Felony Murder—Corpus Delicti—Exclusionary Rule—Exceptions.

A statement made prior to the crime by a defendant being tried for felony murder that he was going to "pull a rip" is a declaration of present mental state which is excepted from exclusion under the rule barring extrajudicial admissions of an essential element to prove the corpus delicti of felony murder; a statement after the crime that he "only got a little bit" is clearly a res gestae statement which is similarly excepted.

6. Searches and Seizures—Consent—Householders—Common Areas.

A householder may give consent to the seizure of evidence left in a room in his house which is commonly used and not a part of the house assigned exclusively to the defendant.

Dissent by M. F. Cavanagh, J.

7. Criminal Law—Evidence—Hearsay—Double Hearsay—Felony Murder—Exclusionary Rule—Exceptions.

*The double hearsay exception to the rule that the corpus delicti of felony murder must be established by evidence independent of the defendant's confession was developed in reliance upon a Court of Appeals decision which was subsequently reversed, and the reversal abolished any "murder exception" to the rule.*

8. Criminal Law—Evidence—Felony Murder—Corpus Delicti—Confessions—Admissions—Case Precedent.

*The rule that the corpus delicti of felony murder must be established by evidence independent of a defendant's confession is not limited only to confessions because the decision in which it was rendered makes references to admissions and statements as well.*

Appeal from Oakland, Frederick C. Ziem, J. Submitted June 2, 1975, at Lansing. (Docket No. 21561.) Decided October 14, 1975. Leave to appeal applied for.

Robert McKinney was convicted of first-degree murder. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Parvin Lee, Jr.,* for defendant on appeal.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

J. H. GILLIS, J. On January 11, 1973, defendant was convicted by a jury of first-degree murder. MCLA 750.316; MSA 28.548. He received the mandatory life sentence on January 23, 1973. Defendant appeals by leave granted.

This cause arises out of the murder of John Arthur Williams in the City of Pontiac on September 19, 1972. The victim was found in his home on a couch with his hands and feet tied. His death was caused by a gunshot wound in the chest.

On appeal defendant raises three issues. We will deal with them seriatim.

I.

The first assignment of error concerns the preliminary examination. With regard to the preliminary examination, defendant first argues that the corpus delicti of felony murder was not established at the preliminary examination, and therefore, the circuit court never obtained jurisdiction to try defendant on a felony-murder charge.

The only evidence at the preliminary examina-

tion regarding the felony element of felony murder was defendant's extrajudicial statements. Defendant argues that, under *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973),[1] the felony element of the corpus delicti of felony murder cannot be established by defendant's extrajudicial statements. We believe that this case can be distinguished from *Allen* for the reasons set forth *infra* in part II.

However, it should be noted at this juncture that the defendant has not properly preserved this issue for appeal. A defendant may not on appeal raise errors or irregularities relating to the preliminary examination, unless the issue was timely raised prior to or at trial. *People v Sparks,* 53 Mich App 452, 454; 220 NW2d 153, 155 (1974), *People v Boyd,* 49 Mich App 388; 212 NW2d 333 (1973), *People v White,* 32 Mich App 296; 188 NW2d 236 (1971).

In the case at bar, there was no defense objection at the time defendant was bound over, nor did defendant move to quash the information prior to or at trial. Therefore this matter has not been preserved for appeal.

Secondly, also with regard to the preliminary examination, the defendant argues that binding over the defendant on an "open charge" of murder did not give circuit court jurisdiction to try the defendant for first-degree murder.

The complaint and warrant both charged "open murder" and cited the statutes for both first- and second-degree murder. Defendant was bound over on a charge of "open murder". In binding defendant over, the district judge stated that he felt the prosecution had established the crime of murder.

---

[1] In *People v Allen* the Supreme Court adopted the dissenting opinion of Justice Levin, then a member of the Court of Appeals, found at 39 Mich App 483, 494; 197 NW2d 874, 880 (1972).

Circuit court's jurisdiction is limited to the offense specified in the return of the examining magistrate. *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973). In the case at bar, the return specified "open murder". Defendant argues that a charge of open murder is a charge of second-degree murder, citing *Allen, supra.* We do not agree.

MCLA 767.71; MSA 28.1011 provides:

"In all indictments for murder and manslaughter it shall not be necessary to set forth the manner in which nor the means by which the death of the deceased was caused; but it shall be sufficient in any indictment for murder to charge that the defendant did murder the deceased; and it shall be sufficient in manslaughter to charge that the defendant did kill the deceased."

The defendant in this case was charged with murder in both the warrant and information under the provisions of MCLA 767.44; MSA 28.984, the statutory short form. Both the warrant and information cited MCLA 750.316; MSA 28.548, first-degree murder; MCLA 750.317; MSA 28.549, second-degree murder; and MCLA 750.318; MSA 28.550, manslaughter.

Michigan courts have long recognized the propriety of the open charge of murder. *Brownell v People,* 38 Mich 732 (1878), *Cargen v People,* 39 Mich 549 (1878), *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955). The courts have also held that a person may properly be charged with and convicted of first-degree murder under a theory of premeditation and deliberation, where such a charge has been made in the statutory short form language. *People v Collins,* 216 Mich 541; 185 NW 850 (1921), *People v Brown,* 23 Mich App 528; 179 NW2d 58 (1970). The same rule applies when the defendant is convicted of first-degree murder on a

felony-murder theory, as is demonstrated in *People v Page,* 198 Mich 524; 165 NW 755 (1917).

Furthermore, the district judge is not required, on preliminary examination, to determine the degree of murder. *People v Strutenski,* 39 Mich App 72; 197 NW2d 296 (1972). Therefore we find defendant's contentions to be without merit.

## II.

Defendant next contends that reversible error was committed under *Allen, supra,* when the prosecution used defendant's extra-judicial statements to establish the felony element of the corpus delicti of felony murder.

*People v Allen, supra,* held that the corpus delicti of felony murder may not be established without evidence independent of the accused person's confession of the essential element that distinguishes first-degree murder from second-degree murder.

In the case at bar, two witnesses testified at trial that on the evening in question they drove over to the victim's home to buy some heroin from the victim. Upon their arrival they observed defendant and another on the porch of the home. Defendant approached the car and told them he was going to "pull a rip", *i.e.,* a robbery.

Following this, defendant went back to the victim's house and the witnesses drove down the street. It appeared as if defendant was trying to get into the house. A short time thereafter, gunshots were heard and defendant was observed running with another to a car which then left the scene. They followed the car to another location, where the car stopped and the defendant got out, came back to the witnesses' car and told them that

he "only got a little bit". The witnesses also observed the defendant wiping what appeared to be blood from his hands.

A police officer testified to finding the deceased. A butcher knife was discovered underneath the deceased's body and broken pieces of an ashtray and vase were found scattered on the floor two to three feet from his head. A search of the home revealed no other signs of a struggle or ransacking. Although the deceased was a narcotics dealer, a search uncovered no narcotics whatsoever. However, the tools of the trade for cutting and packaging were present. Money was found in one of deceased's pockets.

It is clear from reviewing the testimony that defendant's admissions were necessary to make out the felony element of the corpus delicti of felony murder. The corpus delicti may, of course, be established by circumstantial evidence and reasonable inferences. *People v Allen, supra,* adopting *People v Allen,* 39 Mich App 483, 494; 197 NW2d 874, 880 (1972). Here, however, the circumstantial evidence alone was not sufficient to show a robbery.

It has been stated that it is the settled rule that the corpus delicti cannot be established by the extrajudicial admission or confession of the accused. *People v Barron,* 381 Mich 421, 424; 163 NW2d 219, 220 (1968). However, certain exceptions to that rule have been carved out for some admissions which are not confessions.

In *People v Randall,* 42 Mich App 187, 190–191; 201 NW2d 292, 294–295 (1972), Judge DANHOF summarized this area of the law:

"There are several types of statements which while classified as admissions are nonetheless admissible to

establish the corpus delicti. A statement which itself is an element of the offense may be admitted. *People v Lay,* 336 Mich 77; 57 NW2d 453 (1953). Excited utterances are admissible. A statement of a presently existing state of mind made shortly before the crime is committed is admissible to prove the crime. *People v Potter,* 5 Mich 1 (1858). In general, admissions made before the crime was committed are admissible to prove the corpus delicti. *Warszower v United States,* 312 US 342; 61 S Ct 603; 85 L Ed 876 (1941). A statement made roughly contemporaneously with the crime even if shortly after may be admitted to prove the corpus delicti. *People v Quimby,* 134 Mich 625; 96 NW 1061 (1903).

"When a defendant's statement is not simply an admission, but also falls within another exception to the hearsay rule, which gives an additional indication of truth, the statement is admissible to prove the corpus delicti. Older cases allowed these statements as part of the *res gestae. People v McGarry,* 136 Mich 316; 99 NW 147 (1904), *People v Potter, supra, People v Quimby, supra.* Today we would analyze them under the more specific analysis advocated by Professor Wigmore. See *People v Jones,* 38 Mich App 512, 515–516; 196 NW2d 817, 818 (1972), where we said:

" 'The term *"res gestae"* has been used to justify the admission of testimony which would otherwise be inadmissible as hearsay. Examples of the types of statements which have been called *res gestae* are (1) declarations of present bodily condition, (2) declarations of present mental states and emotions, (3) excited utterances, and (4) declarations of present sense impressions. The term *"res gestae"* has also been used to describe statements that are not hearsay and this fact illustrates the indiscriminate coverage of the term.' "

Judge DANHOF also explained in *Randall, supra,* what the policy reasons are for these exceptions to the general rule:

"The policy of the rule requiring proof of the corpus

delicti by proof other than a confession is not offended by admitting statements which fall within two exceptions to the hearsay rule. This is sufficient indication of the truth to overcome any reluctance to convict on the basis of a confession. A rule that was created for the salutary purpose of doing justice should not be construed in a manner that makes it merely an escape hatch for the guilty." 42 Mich App at 192; 201 NW2d at 295.

In *People v Meyer,* 46 Mich App 357, 364; 208 NW2d 230, 233–234 (1973), the Court followed *Randall, supra,* and held that an admission which was a spontaneous utterance was admissible to prove the corpus delicti of manslaughter.

The first extrajudicial admission in this case clearly falls within one of the categories outlined in *Randall, supra.* Defendant's statement that he was going to "pull a rip" is a declaration of present mental state as set forth in *Jones, supra,* and *Randall, supra.*

Defendant's second statement, to-wit, that he "only got a little bit", does not fit so easily into the subcategories of res gestae statements set forth in *Randall.* However, it is clearly a "res gestae" statement under *People v Quimby, supra.*

We do not feel that the admission of these two statements violate either the letter or the spirit of *People v Allen. Allen,* it should be recalled, dealt with a confession, not an admission. Furthermore, each admission falls into two exceptions to the hearsay rule and, as discussed in *Randall,* this fact adds to their reliability.

Defendant's contention that this case comes within the purview of *Allen* is erroneous.

### III.

Defendant next assigns as error the admission into evidence of defendant's blood-stained clothing.

On the evening of the murder, the defendant came to Sharon Robinson's house. His clothes had bloodstains on them and his hand was bloodied. He changed clothes and left the blood-stained clothes at the Robinson home. Defendant had stayed at Sharon Robinson's house on many occasions, had left clothes there on other occasions, and was the father of two of her children.

Two days later, after defendant's arrest, Sgt. Johnston of the Pontiac Police went to the Robinson home and received from Sharon Robinson the clothes defendant had changed from on the night of the murder.

At a hearing to suppress this evidence, Sharon Robinson testified that Sergeant Johnston told her that defendant had asked him to come and get the clothes. She further testified that she gave Sergeant Johnston the clothes because he said that defendant said he could come and get them. Sergeant Johnston, on the other hand, denied making any such statements.

The trial court found that Sharon Robinson had consented and that even if consent had not been given, there would have been a right to have a search. The clothes were allowed into evidence.

Defendant argues that Sharon Robinson could not consent to the search because it was an invasion of defendant's privacy. This contention is erroneous. Under *People v Chism,* 390 Mich 104, 128–140; 211 NW2d 193, 201–210 (1973), and *People v Bunker,* 22 Mich App 396; 177 NW2d 644 (1970), Ms. Robinson could consent to turn over the clothing. It was her home; defendant did not live there, although he did stay overnight from time to time and was the father of two of her children; and the clothing was in a room which defendant did not use, much less use exclusively.

Defendant also argues that her consent was not knowing and voluntary, and that the prosecution did not meet its burden of showing that the consent was freely and intelligently given. Once again, we do not agree. The testimony of Ms. Robinson and Sgt. Johnston conflicted. The hearing judge apparently believed Sgt. Johnston and disbelieved Ms. Robinson.

The standard of review on appeal is whether the trial court was clearly erroneous in its conclusions. *People v Bunker, supra,* 22 Mich App at 404; 177 NW2d at 648. From our review of the record at the hearing, we are unable to say that the hearing judge was clearly erroneous.

Affirmed.

BASHARA, P. J., concurred.

M. F. CAVANAGH, J. *(dissenting).* I cannot agree with the majority's disposition of the second issue and their allowance of extra-judicial statements to establish the corpus delicti of felony murder.

The majority would distinguish *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), by use of the "double hearsay exception rule" of *People v Randall,* 42 Mich App 187; 201 NW2d 292 (1972). *Randall* was written following and in reliance on this Court's decision in *People v Allen,* 39 Mich App 483; 197 NW2d 874 (1972). The Supreme Court's reversal of that decision at 390 Mich 383; 212 NW2d 21 (1973), abolished any "murder exception" to the rule that the corpus delicti must be established by evidence independent of a defendant's confession. I furthermore cannot agree with my Brothers' distinction of *Allen* on the basis that it dealt with a confession, not an admission. In *Allen,* the defendant's statements were made to friends and jailmates; in the present case, they

were made to bystanders and friends, and, thus, more properly characterized as admissions. I also do not read Justice LEVIN's opinion in *Allen* as being limited only to confessions. There are several references to "admissions" and "statements", 39 Mich App 483, 497, 505, footnote 23. This Court's decision in *People v Gilbert,* 55 Mich App 168; 222 NW2d 305 (1974), *lv den,* 393 Mich 774 (1974), while admittedly a confession case, is apposite to the present factual situation and follows the controlling *Allen* decision.

As in *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1971), and *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), I would modify the judgment of conviction below to second-degree murder and remand for resentencing.