PEOPLE v HAMP

Docket No. 50228. Submitted May 18, 1981, at Detroit.—Decided
October 6, 1981. Leave to appeal applied for.

Clark E. Hamp was convicted of conspiracy to commit first-degree
murder, aiding and abetting first-degree murder, and possession
of a firearm during the commission of a felony, Wayne Circuit
Court, William Leo Cahalan, J. He appeals. *Held:*

1. The trial court properly admitted certain statements made
by the defendant to a witness prior to the commission of the
crime as a declaration of a presently existing state of mind to
show the corpus delicti of the crimes charged.

2. The trial court properly admitted certain statements made
by a codefendant to a witness prior to the homicide as state-
ments made in the course of and in the furtherance of the
conspiracy. The quantum of proof of the conspiracy was suffi-
cient.

3. The trial court erred in admitting certain statements made
by a codefendant to a witness after the homicide. The codefen-
dant was available to testify, and thus the statements would
amount to hearsay. But the error was harmless beyond a
reasonable doubt because the trial court instructed the jury
that the statement was to be considered only for the limited

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 30 Am Jur 2d, Evidence §§ 1140-1142, 1173.
[2] 29 Am Jur 2d, Evidence § 610.
[3] 29 Am Jur 2d, Evidence §§ 497, 539.
Necessity and sufficiency of independent evidence of conspiracy to
allow admission of extrajudicial statements of coconspirators. 46
ALR3d 1148.
[4] 16 Am Jur 2d, Conspiracy §§ 46-48, 69.
Admissibility of statements of coconspirators made after termina-
tion of conspiracy and outside accused's presence. 4 ALR3d 671.
[5] 40 Am Jur 2d, Homicide §§ 34, 525, 529.
[6] 16 Am Jur 2d, Conspiracy §§ 10-15.
[7] 16 Am Jur 2d, Conspiracy § 6.
[8] 21 Am Jur 2d, Criminal Law § 167.
[9] 40 Am Jur 2d, Homicide §§ 183-185.
[10] 40 Am Jur 2d, Homicide §§ 549, 552, 553, 556.

purpose of proving that the codefendant killed the decedent and that the hearsay testimony was merely cumulative.

4. The trial court properly excluded testimony proffered by the defendant's wife relative to his prior consistent statements.

5. The trial court properly omitted an instruction to the jury, *sua sponte,* on a lesser-included offense of conspiracy to commit second-degree murder. The planning and agreement elements necessary to commit the crime of conspiracy are inconsistent with the elements of the substantive crime of second-degree murder.

6. The defendant was properly convicted of conspiracy to commit first-degree murder and aiding and abetting first-degree murder. The underlying substantive offense of both crimes is murder, not aiding and abetting.

7. The defendant's convictions did not violate his right against being placed twice in jeopardy.

8. The trial court properly imposed a mandatory life sentence upon the defendant for the conspiracy conviction, and the sentence does not constitute cruel and unusual punishment.

Affirmed.

1. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE.

The corpus delicti of a crime must be established by evidence, other than a confession or an admission by an accused not subject to a judicially recognized exception, from which a trier of fact reasonably may determine that acts which constitute all the essential elements of the crime have been committed and that someone's criminality was responsible for their commission.

2. CRIMINAL LAW — CORPUS DELICTI — ADMISSIONS — HEARSAY — RULES OF EVIDENCE.

An admission by an accused may be admitted to prove the corpus delicti of a crime where it also falls within another exception to the hearsay rule (MRE 801, 804).

3. CONSPIRACY — ADMISSIONS — HEARSAY — RULES OF EVIDENCE.

A statement by a coconspirator made during the course of and in the furtherance of a conspiracy does not constitute hearsay and is admissible as evidence at a subsequent trial upon the establishment of a prima facie case of conspiracy by independent evidence; it is not necessary that the conspiracy be independently established by a preponderance of the evidence (MRE 801[d][2][E]).

4. CONSPIRACY — ADMISSIONS — HEARSAY — RULES OF EVIDENCE.

Evidence of a postconspiracy declaration by a codefendant to a witness out of the presence of a defendant is inadmissible in a trial of the defendant as hearsay (MRE 801).

5. CONSPIRACY — HOMICIDE — JURY INSTRUCTIONS.

The crime of conspiracy to commit first-degree murder does not include the lesser offense of conspiracy to commit second-degree murder; prior planning and agreement are necessary, mandatory requisite elements of the crime of conspiracy and such foreknowledge and planning are compatible with the substantive crime of first-degree murder but are incompatible and inconsistent with second-degree murder; thus, a trial court, in a prosecution for conspiracy to commit first-degree murder, cannot instruct the jury on conspiracy to commit second-degree murder.

6. CONSPIRACY — ELEMENTS OF CONSPIRACY.

Criminal conspiracy is a mutual understanding or agreement between two or more persons, express or implied, to do or accomplish some criminal or unlawful act; conspiracy is a crime separate and distinct from the substantive offense; all the requisite elements of the crime of conspiracy are met upon entry by the parties into the mutual agreement, and no overt acts need be established.

7. CONSPIRACY — SUBSTANTIVE OFFENSES — NECESSARY PARTICIPANTS.

An agreement to commit a particular crime cannot be prosecuted as a conspiracy where the number of alleged conspirators does not exceed the minimum number of persons logically necessary to complete the substantive offense.

8. CRIMINAL LAW — AIDERS AND ABETTORS — SENTENCING — STATUTES.

An aider and abettor of a crime may be prosecuted, indicted, tried and, upon conviction, shall be punished as if he directly committed the offense (MCL 767.39; MSA 28.979).

9. CONSPIRACY — AIDERS AND ABETTORS — HOMICIDE — DOUBLE JEOPARDY.

An accused may be convicted of both conspiracy to commit first-degree murder and aiding and abetting first-degree murder because the underlying substantive crime in both charges is murder, which is separate and distinct from either of the other charges and does not require the participation of two or more persons for its commission; such convictions do not violate the accused's right not to be placed twice in jeopardy.

10. CONSPIRACY — HOMICIDE — SENTENCING — STATUTES.
> A person convicted of conspiracy is punished by a penalty equal
> to that which would be imposed for a conviction of the crime
> which he conspired to commit; thus, a life sentence must be
> imposed upon conviction for conspiracy to commit first-degree
> murder because a conviction for first-degree murder carries a
> mandatory sentence of life imprisonment, and such sentence
> does not constitute cruel and unusual punishment (MCL
> 750.157a, 750.316; MSA 28.354[1], 28.548).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard* and *Stuart B. Lev,* Assistant State Appellate Defenders, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

V. J. BRENNAN, P.J. Defendant was convicted of conspiracy to commit first-degree murder, MCL 750.157a; MSA 28.354(1), MCL 750.316; MSA 28.548, aiding and abetting first-degree murder, MCL 767.39; MSA 28.979 and MCL 750.316; MSA 28.548, and of possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to serve concurrent terms of life imprisonment for the conspiracy to commit murder and aiding and abetting murder convictions. He was sentenced to serve two years in prison for the felony-firearm conviction. Defendant appeals as of right.

On appeal, defendant raises numerous issues, none of which we find individually or collectively warrants reversal. We address them *seriatim.*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first argues on appeal that the trial court's pretrial ruling that certain extrajudicial statements of the defendant and codefendant were admissible into evidence at defendant's trial was clearly erroneous. We disagree.

Prior to trial, the trial court was asked to rule on the admissibility of three types of statements: (1) statements made by defendant to Linda Knazak *prior* to the homicide; (2) statements made by codefendant to Linda Knazak *prior* to the homicide; and (3) statements made by codefendant to Linda Knazak and Michael Mardigian *after* the homicide.

With respect to defendant's statements to Linda Knazak, the trial court was informed that Ms. Knazak would testify that in March, 1977, she called defendant at his place of employment, whereupon he acknowledged that a murder was going to take place, that he had inherited money, and that he was going to pay codefendant to commit the murder. She also would testify that defendant informed her that the reason for the murder was so that he could continue his affair with the decedent's wife. The trial court ruled that this testimony would be admissible to show the corpus delicti of the crimes charged: conspiracy to commit murder and aiding and abetting first-degree murder.

It is the well-accepted general rule that the corpus delicti of a crime must be established by evidence other than a confession or admission of the accused. In order to establish the corpus delicti of a crime, the prosecution must introduce evidence from which a trier of fact reasonably may find that acts constituting all the essential elements of the crime have been committed and that someone's criminality was responsible for the com-

mission of those acts. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting the dissent set forth in *People v Allen,* 39 Mich App 483, 496; 197 NW2d 874 (1972).

However, the general rule that the corpus delicti of a crime cannot be established by evidence of a defendant's admissions is subject to judicially recognized exceptions. Statements which are admissions and which also fall within another exception to the hearsay rule have been admitted under certain circumstances to prove the corpus delicti:

"There are several types of statements which while classified as admissions are nonetheless admissible as to establish the corpus delicti. A statement which itself is an element of the offense may be admitted. *People v Lay,* 336 Mich 77 [57 NW2d 453] (1953). Excited utterances are admissible. A statement of a presently existing state of mind made shortly before the crime is committed is admissible to prove the crime. *People v Potter,* 5 Mich 1 (1858). In general, admissions made before the crime was committed are admissible to prove the corpus delicti. *Warszower v United States,* 312 US 342; 61 S Ct 603; 85 L Ed 876 (1941). A statement made roughly contemporaneously with the crime even if shortly after may be admitted to prove the corpus delicti. *People v Quimby,* 134 Mich 625 [96 NW 1061] (1903).

"When a defendant's statement is not simply an admission, but also falls within another exception to the hearsay rule, which gives an additional indication of truth, the statement is admissible to prove the corpus delicti.

\* \* \*

"The policy of the rule requiring proof of the corpus delicti by proof other than a confession is not offended by admitting statements which fall within two exceptions to the hearsay rule. This is sufficient indication of the truth to overcome any reluctance to convict on the basis of a confession. A rule that was created for the

salutary purpose of doing justice should not be construed in a manner that makes it merely an escape hatch for the guilty." *People v Randall,* 42 Mich App 187, 190-192; 201 NW2d 292 (1972). Accord: *People v Stewart,* 397 Mich 1, 15, fn 15; 242 NW2d 760 (1976).

In the instant case, we agree with the trial court's conclusion that defendant's statements to Ms. Knazak fell within one of the exceptions outlined in *Randall.* The defendant's statements were admissible as a declaration of a presently existing state of mind made before the crime was committed. *Randall, supra, People v McKinney,* 65 Mich App 131, 138-139; 237 NW2d 215 (1975), *lv den* 397 Mich 809 (1976), *Warszower, supra.* Therefore, the trial court did not err in finding that defendant's statements to Ms. Knazak were admissible and sufficient to show the corpus delicti of the crimes charged. *McKinney, supra.*

With respect to codefendant's pre-homicide statements to Ms. Knazak, the trial court was informed that Ms. Knazak would testify as follows:

"1. From 1972 until the spring of 1977 she and Dalsando maintained an on and off amorous relationship.

"2. In the spring of 1977 she and Dalsando and a Mr. Michael Mardigian were present in her apartment. Dalsando told her and Mardigian that a man by the name of 'Clark' (Clark Hamp) wanted to hire him to murder his girl friend's husband and would pay him $10,000.00 for the murder. There followed a discussion of possible circumstances in which the murder could be accomplished. On a subsequent occasion, in the presence of a person named 'Jimmy', another conversation was had between Dalsando and Linda in which Dalsando further discussed circumstances in which the murder could be accomplished and the purpose of the murder, *i.e.,* Hamp's desire to continue his affair with Mrs. Taylor."

The trial court ruled that since such statements were made during the course of and in furtherance of a conspiracy, they were admissible under MRE 801(d)(2)(E). On appeal, defendant claims that since there was not independent proof of a conspiracy by a preponderance of the evidence the trial court erred in admitting the statements into evidence.

In *People v Losey,* 98 Mich App 189, 195; 296 NW2d 601 (1980), the defendant made substantially the same argument.

"In a related argument, defendant further contends that the quantum of proof necessary to independently establish the conspiracy is proof by a preponderance of the evidence, not merely the establishing of a prima facie case of conspiracy, the traditional standard. Defendant argues that the adoption of the Michigan Rules of Evidence, specifically MRE 104(a), mandates this conclusion."

The Court concluded as follows:

"Our above use of the standard requiring the establishment of a prima facie case of conspiracy independent of a coconspirator's statements is by design, for this is the traditional requirement in Michigan, *People v Stewart,* 397 Mich 1, 6; 242 NW2d 760 (1976), *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977), and we are not persuaded that the adoption of the Michigan Rules of Evidence elevated this standard to proof by a preponderance of the evidence. See *United States v Ochoa,* 564 F2d 1155, 1157 (CA 5, 1977), which interpreted similar Federal Rules of Evidence provisions, and concluded that prima facie evidence was the proper standard for independent proofs. We dismiss defendant's claim to the contrary." *Id.,* 197-198.

For the reasons set forth in *Losey,* we conclude that defendant's argument as to the quantum of proof lacks merit.

With respect to codefendant's post-homicide statements, the trial court was advised that Ms. Knazak would testify that codefendant told her that the murder had been accomplished when he shot Mr. Taylor in the head in a bowling alley parking lot while Mr. Taylor was changing a flat tire and that Mr. Michael Mardigian would testify as follows:

"5. Subsequent to April, 1977, he and Dalsando had a conversation in the medical examiner's office. He asked if the murder ever happened. Dalsando answered 'yes', that it had happened, that it had been accomplished in a bowling alley parking lot and the man who was shot had a flat tire. Dalsando said that he walked by the man and shot him and that he was assisted by a 'black guy' who works at the examiner's office. The 'black guy' drove the car."

The trial court ruled that codefendant's statements were admissible because the case of *People v Tunnacliff,* 375 Mich 298; 134 NW2d 682 (1965), was distinguishable and because the statements were declarations against interest under MRE 804(b)(3).

In this regard, we find that the trial court erred in its attempt to distinguish *Tunnacliff* as not being applicable to the instant case. As the Court stated in *Ogden v State,* 12 Wis 532; 78 Am Dec 754 (1860), a case relied upon by the majority in *Tunnacliff, supra,* 310, such statements are "wholly inadmissible". Furthermore, the trial court erred in finding that the statement was admissible under MRE 804(b)(3) since this exception requires that a declarant be unavailable for a statement against interest to be admissible. In the instant case, there was no showing that codefen-

dant, the declarant, was unavailable as defined in MRE 804(a).

Nevertheless, because the trial court instructed the jury that codefendant's statement was only to be considered for the limited purpose of proving that codefendant killed decedent, and the hearsay testimony was, in effect, merely cumulative, we find the error to be harmless beyond a reasonable doubt. See *People v Trilck,* 374 Mich 118, 128; 132 NW2d 134 (1965), *People v Sommerville,* 100 Mich App 470, 490; 299 NW2d 387 (1980).

In summary, we are persuaded that the issues predicated upon the admission of defendant's and codefendant's statements neither individually nor collectively create error requiring reversal.

Defendant next contends that the trial court erred in refusing to allow defendant's former wife to testify as to "prior consistent" statements made by defendant. There is no merit to this argument. The testimony was not testimony as to an earlier consistent statement given at a time prior to the existence of any fact which would motivate bias, interest, or corruption to rebut charges of recent fabrication, *Brown v Pointer,* 41 Mich App 539, 548; 200 NW2d 756 (1972), *rev'd on other grounds* 390 Mich 346, 351; 212 NW2d 201 (1973). Nor was the testimony admissible as evidence as to whether defendant made a prior inconsistent state-ment. *People v Hallaway,* 389 Mich 265, 279; 205 NW2d 451 (1973). Hence, we conclude that the trial court properly excluded this proffered testi-mony.

Defendant next argues that the trial court com-mitted error requiring reversal by failing to in-struct, *sua sponte,* on the offense of conspiracy to commit second-degree murder. On the facts of this case, where the charge is conspiracy, we find no

error. Defendant premises his argument on the duty of a trial court to instruct, *sua sponte,* on necessarily lesser-included offenses as mandated by *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975). However, we are convinced that defendant's analysis is analytically defective since defendant has confused the legally distinct crime of conspiracy with the substantive crime. Although we have no quarrel with the argument that first-degree murder necessarily includes the lesser offense of second-degree murder, we disagree that the crime of "conspiracy" to commit first-degree murder includes a lesser offense of "conspiracy" to commit second-degree murder.

We begin our analysis by noting that the crime of conspiracy has peculiar elements which distinguishes it from other criminal offenses. Criminal conspiracy is a mutual understanding or agreement between two or more persons, expressed or implied, to do or accomplish some criminal or unlawful act. *People v Atley,* 392 Mich 298, 311; 220 NW2d 465 (1974), *People v Wright (On Remand),* 99 Mich App 801, 818; 298 NW2d 857 (1980), *lv den* 410 Mich 854 (1980), *People v Thomas Hintz,* 69 Mich App 207, 217-218; 244 NW2d 414 (1976).

The gist of the offense lies in the unlawful agreement between two or more persons to do the unlawful act. *Atley, supra, Wright, supra.* All the requisite elements of the crime of conspiracy are met when the parties enter into the mutual agreement, and no overt acts necessarily must be established. *People v Scotts,* 80 Mich App 1, 14-15; 263 NW2d 272 (1977). Thus, conspiracy is a crime separate and distinct from the substantive offense. *People v Tinskey,* 394 Mich 108; 228 NW2d 782 (1975), *People v Carter,* 94 Mich App 501, 504-505;

290 NW2d 46 (1979). The crime of conspiracy punishes the "planning" of the substantive offense; the substantive offense punishes the actual commission of the crime. *People v Berry,* 84 Mich App 604; 269 NW2d 694 (1978).

Since prior "planning" and "agreement" are necessary, mandatory requisite elements of the crime of conspiracy, we find it analytically consistent to "plan" to commit first-degree murder but logically inconsistent to "plan" to commit second-degree murder. To prove a conspiracy to commit murder, it must be established that each of the conspirators have the intent required for murder and, to establish that intent, there must be foreknowledge of that intent. Foreknowledge and plan are compatible with the substantive crime of first-degree murder as both the crime of conspiracy and the crime of first-degree murder share elements of deliberation and premeditation. Prior planning denotes premeditation and deliberation. The elements of conspiracy, conversely, are incompatible and inconsistent with second-degree murder. One does not "plan" to commit an "unplanned" substantive crime. It is not "absence" of the elements but the "inconsistency" of the elements which lead us to conclude that one conspires to commit first-degree murder but not second-degree murder. Therefore, because of this inconsistency between the requisite elements of conspiracy and second-degree murder, we cannot conclude as a matter of law that conspiracy to commit first-degree murder includes the lesser offense of conspiracy to commit second-degree murder. Therefore, we find no error in the trial court's failure to instruct, *sua sponte,* as to the latter offense.

Next we reject defendant's argument that his convictions for conspiracy to commit first-degree

murder and aiding and abetting first-degree murder were obtained in violation of Wharton's rule. 1 Anderson, Wharton's Criminal Law & Procedure (1957 ed), § 89, p 191. The underlying substantive crime in both charges is murder. Murder is not a crime of such nature as to require necessarily the participation of two persons for its commission. Therefore there is no violation of Wharton's rule. *People v Davis,* 408 Mich 255; 290 NW2d 366 (1980), *People v Sesi,* 101 Mich App 256, 263-265; 300 NW2d 535 (1980). Defendant attempts to obscure the issue by suggesting that the "substantive crime" is "aiding and abetting", rather than "murder". It is fundamental that an aider and abettor is prosecuted, indicted, tried, and convicted as if he directly committed the underlying substantive criminal offense. MCL 767.39; MSA 28.979. Hence, the essence of the charge against defendant is murder.

We also reject defendant's argument that his double jeopardy rights were violated. As previously noted, the crime of conspiracy and the substantive crime of murder of which defendant is guilty as a principle are separate and distinct crimes. Murder required the overt act of killing, but no agreement; conspiracy required an agreement, but no overt act. Because the crimes are distinct, no double jeopardy occurred here. *Carter, supra,* 504-505, *Scotts, supra,* 14-15.

Finally, we find defendant's remaining issues to be without merit. The trial court did not err in imposing a life sentence for conspiracy to commit murder. MCL 750.316; MSA 28.548 provides that a person convicted of first-degree murder must be sentenced to life imprisonment. The conspiracy statute, MCL 750.157a; MSA 28.354(1), provides that a person convicted of conspiracy "shall be

punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit * * *". Neither statute is ambiguous. Therefore, there is no room for statutory construction or an investigation into that which the Legislature "probably intended". Thus, the trial court did not err in sentencing defendant to a mandatory term of life imprisonment.

Nor are we persuaded that defendant's sentence of life imprisonment for the crime of conspiracy to commit first-degree murder constitutes cruel and unusual punishment. *People v Hall,* 396 Mich 650, 657; 242 NW2d 377 (1976).

Defendant's convictions and sentences are affirmed.